·CASE 74—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—
     APRIL 26.

# Flynn v. Louisville Ry. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

.JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

STREET RAILROADS—EVIDENCE—COLLISION WITH SALVAGE WAGON—
     CONTRIBUTORY NEGLIGENCE.

Held: 1. The court properly refused to permit a witness to testify that the motorman in charge of a street car could have stopped the car, by the exercise of ordinary care, in time to have avoided a collision, as the witness did not show that he had any knowledge as to the time in which the car could have been stopped.

2. As a salvage wagon responding to an alarm of fire had the right of way in the streets, the driver, in driving from ten to fifteen miles an hour, was not guilty of such contributory negligence

Flynn v. Louisville Ry. Co.

as will preclude him from recovering for an injury resulting
from a collision with a street car.

3. Plaintiff's contributory negligence will not preclude him from re-
covering, if the motorman in charge of the street car might,
by the exercise of ordinary care, have discovered his peril in
time to save him.

JUDGE DuRELLE DISSENTING.

MATT. O'DOHERTY, ATTORNEY FOR APPELLANT.

B. J. Flynn, the appellant, alleges that he was injured by the
gross negligence of the defendant, and sues for damages.

At the conclusion of his evidence, on motion of the appellee,
the Court gave the jury peremptory instructions to find for the
defendant, and he appeals.

At the time of his injury he was an employe of the Salvage
Corps of the City of Louisville, a corporation created by special
Act of the Legislature, entitled, An Act to incorporate the Lou-
isville Fire and Life Protective Association. Approved March
24, 1888.

The salvage corps had a two-horse wagon to convey its men
and equipment to the scene of fires, which wagon was in the
hands of a skilled driver, who was an employe of the corps.
When the alarm was sounded the driver took charge of his
wagon, and five of the corps, including appellant, jumped aboard
and were being drawn to the scene of the fire, proceeding east-
wardly on Market street to Third street, and then southwardly
out Third street. The wagon was provided with an alarm
bell or gong, for the reason that in going to a fire the men of
the corps are required to make as much haste as they can, and
by ringing the bell or gong they give such notice of their ap-
proach as enables persons and vehicles to give them a clear
way, and by their act of incorporation they have the right of
way over other vehicles on the street. The undisputed testi-
mony of a number of witnesses is, that the gong on the wagon
was constantly sounded from the time the wagon left its sta-
tion on Market street until the moment of the disaster. The
gong can be heard distinctly for two or three squares at least.

As the wagon approached Jefferson street, and when about fifty
feet north of its north line going south on the west side of
Third street, the driver in charge saw a street car in charge of
one of appellant's agents, propelled by electricity, coming east-
ward, and about fifty feet east of the east line of Third street.
The motorman appeared to give no heed to the constant ring-
ing of the gong on said wagon, and although he had abundant

Flynn v. Louisville Ry. Co.

opportunity to arrest the speed of his car, continued his course over the street. The driver of the wagon seeing there was danger of a collision, turned his horse as they reached the intersection westwardly on Jefferson street, and tried in this way to escape injury, but the motorman failed to bring his car under control and allowed it, after crossing Third street, to collide with the rear wheel of the wagon at the western intersection of said streets, resulting in throwing down the horses in the wagon, and the driver and appellant who occupied the front seat on the wagon, were thrown over the horses to the pavement, breaking appellant's right arm in two places and otherwise injuring him so that he was required to give up his position in the salvage corps because no longer physically able to discharge its duties.

We contend:

*First.* There was no conclusive evidence of negligence on the part of the driver of the wagon.

*Second.* The negligence of the driver of the wagon, if established, could not defeat appellant's claim against the appellee unless it was the sole cause of appellant's injury.

*Third.* The evidence shows that the motorman had such timely notice of the approach of the fire wagon as by the exercise of ordinary care he could have prevented the collission.

### AUTHORITIES CITED.

Shearman & Redfield on Neg., sec. 245, p. 460; Beach on Contributory Neg., sec. 102, note 1; Gray v. Phil. R. R. Co., 23 Blatch, 267; Perry v. Lansing, 17 Hun., 34; Bush v. Buffalo Creek R. R. Co., 29 Hun., 112; Hunda v. Harbon, 58 Ind., 112; Danville v. Stewart, 2 Met., 119; L. C. & L. R. R. v. Case, 9 Bush, 728; L. & N. R. R. v. Collins, 2 Duv., 114; Sullivan's Admr. v. Louisville, B. Co., 9 Bush, 90; L. & N. R. R. Co. v. McCoy, 81 Ky. Rep., p. 415; L. & N. R. R. Co. v. Hackman, 17 Ky. Law Rep., 83; Pittsburg R. R. Co. v. Lewis, 18 Ky. Law Rep., 958; Sherman & Redfield on Neg., sec. 99, 5th Ed.; Inland Coasting Co. v. Tolsom, 139 U. S., 551.

FAIRLEIGH, STRAUS & EAGLES, for APPELLEE.

KOHN, BAIRD & SPINDLE of COUNSEL.

Upon the trial of this case it was shown in evidence by the plaintiff that he was the captain of the gang, and was in charge of the wagon of the salvage corps; that the intersection of Third and Jefferson streets is a busy and crowded point in the city. There is no street car line on Third street on which

plaintiff was driving, but a double street car line on Jefferson street. Plaintiff was being driven south along Third street at a very rapid rate, as fast as the horses could run. The time was six o'clock in the evening of a January day, and it was dark.

We contend that whatever negligence may be shown with reference to the motorman of the street car, the plaintiff can not recover if he himself or those under him were guilty of contributory negligence, and about this there can be no dispute under the plaintiff's own evidence, and in such a case it is a question of law for the court, and should be taken from the jury.

### AUTHORITIES CITED.

Beach on Contributory Negligence, sec. 162; Pelton v. L. & N. R. R. Co., 16 Ky. Law Rep., 500; Cabell v. Cin. Ry. Co., 92 Ky., 345; Garrity v. Detroit Cit. St. Ry. Co., 70 N. W. Rep., 1018; Birmingham Ry. & Elec. Co. v. Baker, 28 South. Rep., 87.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The plaintiff, Flynn, now appellant, instituted this action in the Jefferson Circuit Court, law and equity division, against the defendant, now appellee, to recover judgment for personal injury caused by the defendant's gross negligence. It is substantially alleged in the petition that in January, 1898, plaintiff was a member of the Salvage Corps of the city of Louisville, and that, while in the discharge of his duty as a member of said corps, he responded to an alarm of fire, and, while riding in a wagon across the intersection of Third and Jefferson streets, that defendant, its agents and servants, did by their gross negligence cause a street car, known as a "motor car," propelled by electricity, to run against, and with great force and violence to collide with, the wagon in which plaintiff was riding, and thereby throw plaintiff to the pavement, and the bones of his arm were thereby broken in several places, and was otherwise greatly injured in his body and limbs, and was in consequence of which for a long time confined to his home, under the care of physicians, and suffered great pain and agony, both mental and physical, and permanent impair-

ment of his bodily health, in the sum of $20,000, for which sum he prayed judgment. The first paragraph of the answer may be considered as a traverse of all the allegations of the petition showing negligence upon the part of the defendant, as well as a denial of the injuries complained of. The second paragraph of the answer pleads contributory negligence upon the part of the plaintiff, which plea of contributory negligence was denied by the reply of the plaintiff. At the conclusion of plaintiff's testimony the court instructed the jury peremptorily to find for the defendant, which was accordingly done; and, plaintiff's motion for a new trial having been overruled, he prosecutes this appeal.

The grounds relied on for a new trial are: First, that the court erred in excluding from the jury, and in refusing to allow plaintiff's witnesses to testify, that the motorman, after he became aware of the approach of the wagon on which plaintiff was riding, could have stopped the car, by the exercise of ordinary care, in time to have avoided the collision; second, that the court erred in instructing the jury peremptorily to find for the defendant.

It may be that the witness had not, by his testimony, shown that he had any knowledge as to the time in which the car could have been stopped, and on that account it may be that the court properly rejected the testimony offered. If, however, it had been shown that the witness had any facilities for knowing how soon or under what conditions the car could have been stopped, the testimony would have been admissible.

It sufficiently appears that the plaintiff in this case was a member of the Salvage Corps—a corporation organized by an act of the Legislature of the State—one; if not the chief, object of which was to prevent the destruction by fire of the property in the city of Louisville; and by the act

Flynn v. Louisville Ry. Co.

of the incorporation it was given the right of way in the streets.   It appears that on the evening of the accident an alarm of fire was given from box 46, at Third and Breckinridge streets, shortly before six o'clock, and that plaintiff, with other persons, started on one of the salvage wagons for the scene of the fire; and when the wagon reached Third and Jefferson the car was seen coming down at a rapid rate of speed, and the driver of the salvage wagon turned and attempted to avoid the street car, and was struck by the car and thrown off onto the pavement, and as a result plaintiff suffered the injuries complained of. The testimony conduces to show that the car was going at a terrible rate of speed—perhaps twenty miles an hour. There is also evidence conducing to show that as the street car approached the crossing the motorman was engaged in conversation with some other person, and had his head turned from the crossing, and therefore not in a position to see the approach of the salvage wagon.   There is also evidence conducing to show that, if the motorman had had his face turned towards the crossing, he could have seen the salvage wagon in time to have so slackened the speed of his car as to have avoided the collision.   The evidence also tends to show that the only effort made by the motorman after discovering the danger of plaintiff was to apply the brake, without turning off the electric current or reversing the lever, if, indeed, he could have done so.   The contention of appellee seems to be that the salvage wagon was being run at a reckless speed and without proper regard to the safety of those aboard, or, in other words, that the plaintiff was guilty of contributory negligence, and therefore not entitled to recover.   It is true the evidence shows that the salvage wagon was being run at from ten to fifteen miles an hour, but it also appears that said wagon

by law had the right of way in the streets. And it must be remembered that the object for which the Salvage' Corps was organized was to reach the scene of the fire as rapidly as possible, in order to accomplish the object for which it was created, namely, to prevent the destruction of property by fire. The court below, from the elaborate opinion filed, seems to have erroneously concluded that plaintiff was guilty of contributory negligence, and was thereby deprived of any right to recover against the defendant, however negligent it might have been. It is not material for the purposes of this action whether plaintiff would have been responsible to a person injured by the rapid driving of the wagon. The question in this case is whether plaintiff was injured by the negligence of the defendant. In Sullivan's Adm'r v. Bridge Co., 9 Bush., 90, in discussing the question of contributory negligence, this court said: "It is not every act of contributory negligence that prevents one from maintaining an action for an injury received. Such negligence will not prevent the plaintiff from recovering, unless for this negligence the injury would not have occurred, or if the defendant, by the exercise of ordinary care, could have avoided the consequences of plaintiff's negligence. Saund. Neg. 58." In Railroad Co. v. Collins, 2 Duv., 114, it is said, quoting from the syllabus: "When, on a question of negligence, the testimony is conflicting, the jury have a right to decide the character of the negligence. Although the plaintiff, suing for an injury resulting from the gross negligence of the defendant, may have been guilty of negligence, if, nevertheless, the injury might have been avoided by the proper care of the defendant, such co-operating negligence of the plaintiff will not exonerate the defendant." In Railroad Co. v. McCoy, 81 Ky., 404, quoting from the syllabus, it is said: "If appellee by his own negligence contributed to such an extent

Flynn v. Louisville Ry. Co.

to produce the injury to himself that but for his negligence it would not have happened, he has no cause of action, unless appellant's agent, on managing the train, was guilty of willful neglect, or knew, or could have known by ordinary attention, of the peril in which appellee had placed himself, and, knowing this, failed to observe reasonable care to avoid the injury." In Railroad Co. v. Lewis (Ky.), 38 S. W., 482, (18 Ky. L. R., 957) decided December, 1896, quoting from the syllabus, it is said: "After the plaintiff was in peril from the engine which afterwards struck him, it was the duty of those in charge of the engine to see him, the crossing being a public one, and the company is not exonerated if they did not actually see him. Therefore the court properly instructed the jury that, although they might believe plaintiff was guilty of contributory negligence, yet he could recover if, after he 'was in peril from the engine, those in charge of it could have seen his danger and have prevented his injury by the exercise of ordinary care.'" The court in the opinion further said: "Here was a public crossing—a sidewalk in fact, in a large city—and it was the duty of those in charge of the train to keep a constant lookout for those on or about the crossing. After the appellee 'was in peril from the engine' it was surely their duty to see him, and the appellant is not exonerated if they did not actually see him. Railroad Co. v. Krey (Ky), 29 S. W., 869; (16 Ky. L. R., 797) Railroad Co. v. Hackman (Ky.), 30 S. W., 407." (17 Ky. L. R., 81) It may well be doubted whether the court below was authorized to assume, as a matter of law, that the salvage wagon was being run in a manner or at a rate which could be held to be negligent. In fact, we do not think, in the absence of proof as to all the facts and circumstances, that the court was authorized to assume that plaintiff was guilty of any negli-

gence whatever. But, even if it was shown that he was
somewhat negligent, yet if the defendant knew, or could
by ordinary care have known, of the peril of plaintiff, it
was its duty to have used all ordinary care to have pre-
vented the injury complained of; and, if it failed in this re-
spect, plaintiff was entitled to recover, even if he was guilty
of negligence. For the reasons indicated, the judgment of
the court below is reversed and cause remanded, with di-
rections to award appellant a new trial, and for proceedings
consistent herewith.

Also, see Cahill v. Railway Co., 92 Ky., 345, 18 S. W., 2,
and 2 Shear. & R. Neg. (5th Ed.), section 484 *et. seq.* and
notes.

Whole court sitting.

Judge DuRelle dissents.