CASE 2.—ACTION BY MAMIE WHITMAN'S ADMINISTRATOR AGAINST THE LOUISVILLE RAILWAY COMPANY FOR CAUSING DEATH OF PLAINTIFF'S INTESTATE.—May 19, 1909.

## Whitman's Admr. v. Louisville Ry. Co.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

EMMETT FIELD, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Pleading—Amendment — Trial Amendment.—In an action against a street railway company for killing plaintiff's child, the court held that plaintiff's allegation of defendant's gross negligence in running, operating and managing the car, and in failing to give warning of the approach of the car to the crossing by gong, bell, or otherwise, was not sufficient to entitle plaintiff to prove absence of a headlight, whereupon plaintiff tendered a trial amendment charging negligence in not having a headlight on the car. Held, that the court's refusal to allow the amendment was erroneous; defendant having made no application for a continuance by reason thereof.

2. Street Railroads—Death of Children—Instructions.—Plaintiff's intestate, a child of 12, was run into and killed by defendant's street car at or near a crossing. The proof of both parties showed that the child went on the tracks so close to the approaching car that she could not be saved. Defendant's evidence was that she fell on the track and was struck for this reason, while plaintiff's proof showed the car was running too rapidly; that it was very dark, and that there

was no warning of the car's approach. Held, that an instruction that, if plaintiff's intestate attempted to cross the track so close to the car that the motorman by ordinary care could not stop before injuring intestate, then plaintiff could not recover, was erroneous as requiring a verdict for defendant, though the jury should believe plaintiff's evidence to be true.

3. Street Railroads—Cars—Operation—Crossings.—A street railroad company is required to moderate the speed of its cars at public crossings, to give notice of their approach by proper signals, to maintain a headlight when dark, and to keep a lookout for persons on the crossing, that they may be warned of approaching danger.

4. Street Railroads—Crossing Accidents—Discovered Peril.—Where a street railroad company operates a car over a crossing without proper warning and at excessive speed, and a person is injured, the company can not be exonerated from liability on the sole ground that, after his peril was discovered, his injury could not be averted.

EDWARDS, OGDEN & PEAK for appellant.

### POINTS AND AUTHORITIES.

1. Error of the court in withdrawing from the consideration of the jury the evidence that there was not a headlight on the car. Nagle v. Brown, 37 Ohio St. 7; Thompson v. City of Highland, 187 Ill. 265; West Chicago R. R. Co. v. Morris, Adams & Allen Co., 160 Ill. 288; King v. DeCoursey, 8 Colo. 463; Lewis v. Smith, 61 Am. Dec. 706.

2. Error of the court in refusing to allow to be filed the amended petition. Civil Code of Practice, Sec. 134; City of Lexington v. Williamson, 32 Rep. 1018; Glenn's Adm'r. v. L. & N. R. R., 32 Rep. 346; Nat. Ben. Assoc. v. Jones, 84 Ky. 112; Wade v. Moore, 3rd Rep. 392; Kearney v. City of Covington, 1st Metc. 341; I. C. R. R. v. Jackson, 25th Rep. 2087.

3. Error of the court in giving instruction No. 3 to the jury. Louisville Ry. Co. v. Byers' Adm'r., 113 S. W. R. 463; Moran v. Higgins, 19 Rep. 456; Stoke's Ex'or v. Sheppen, 13 Bush, 180; L. & N. R. R. Co. v. Banks, 17 Ky. L. R. 1065; Jones v. Jones, 102 Ky. 450.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

### AUTHORITIES CITED.

Code, Section 134; Chesapeake & Nashville Ry. Co. v. Hanmer, 23 Ky. L. Rep. 1846; Goldstein's Adm'r. v. Louisville Railway Co. 115 S. W. 194.

OPINION OF THE COURT BY JUDGE HOBSON.—Reversing.

Mamie Whitman, a little girl 12 years old, on the morning of November 22, 1906, was struck by a street car of the Louisville Railway Company, and so injured that she died a day or so thereafter. She lived on the south side of Market street, between Eleventh and Twelfth streets, and was sent across the street by her mother to get some bread. She got the bread, and, as she was crossing the street on her way home, was struck by a car. There is a foot crossing over Market street between Eleventh and Twelfth streets not far from the center of the square. The accident occurred, according to the proof for the plaintiff, 12 minutes before 6 o'clock, or according to the proof for the defendant 7 minutes after 6 o'clock. According to the proof for the plaintiff, it was a dark foggy morning and not light. According to the proof for the defendant, there was sufficient light to justify the putting out of the headlight on the car. The proof for the plaintiff was to the effect that the child was walking along on the crossing in ignorance of the approach of the car when she was struck by it, no signal if its approach being given, and there being no headlight on the car, the child not perceiving it until she was struck. The proof for the defendant was to the effect that the child saw the car and undertook to run rapidly across the track in front of it when she stumbled and fell between the rails just in front of the car, and too late for the motorman to avoid striking her. The defendant's proof also tended to show that she was not on the crossing, but west of it, going diagonally across the street. But some of the bread that she was carrying was found after the accident

near the crossing. The case was submitted to a jury, who found a verdict for the defendant, and judgment having been entered upon the verdict, the plaintiff appeals.

The plaintiff averred in his petition that the death of the decedent was caused by the gross negligence of the defendant's agent in running, operating and managing the car, and in failing to give warning of the approach of the car to the crossing by gong, bell, or otherwise, and in running the car at a dangerous rate of speed. Under these allegations, the plaintiff offered proof to the effect that there was no headlight on the car. On motion of the defendant, this evidence was excluded on the ground that there was no averment of a want of a headlight. The plaintiff thereupon tendered an amended petition charging that there was negligence also in not having a headlight on the car. The court sustained the defendant's objection to the filing of the amended petition, and the plaintiff excepted. One object of a headlight is to give notice to persons on the street of the approach of the car, and it is very evident from the record that the plaintiff's attorneys were relying on the want of the headlight, and considered that the allegations of the petition were broad enough to cover the failure to give warning in any manner of the approach of the car. But whether they were right or wrong in this we need not determine; for when by a mistake of counsel an allegation of the pleading is not as broad as the court rules necessary for the admission of evidence, which counsel rely on as the foundation of the case, the court should allow an amendment in furtherance of justice upon such terms as may be just, that through a mere slip a trial of the case on the merits

shall not be defeated. Under all the circumstances here the amendment should have been allowed. In such cases, if the defendant is not ready to go on with the trial after the amendment is filed, a continuance may be had at the plaintiff's cost. Ford v. Providence Coal Co., 124 Ky. 517, 99 S. W. 609, 30 R. 698.

Instructions 1, 2, 4, and 5, given by the court, are correct as the pleading stood. Instruction 3 is as follows: "If you shall believe from the evidence that Mamie Whitman attempted to cross the track so close to the approaching car that the motorman in the exercise of ordinary care with the appliances at hand for the purpose of stopping the car was not able to stop it before injuring Mamie Whitman, then the law is for the defendant, and you should so find notwithstanding the fact that she was injured and died." The proof for the plaintiff and the defendant both showed that the child went upon the track so close to the approaching car that she could not after this be saved. The proof for the defendant was that she fell on the track and for this reason was struck, but the proof for the plaintiff was to the effect that the car was running rapidly, that it was very dark, and that no warning or notice of the approach of the car was given. Although the jury may have believed the evidence for the plaintiff to be true, still under this instruction they would have found for the defendant. A similar instruction was approved in Lexington R. R. Co. v. Woodward (Ky.) 106 S. W. 853; Lexington R. R. Co. v. Van Laden's Adm'r (Ky.) 107 S. W. 740; Louisville R. R. Co. v. Gaar (Ky.) 112 S. W. 1130; Louisville R. R. Co. v. Buckner's Adm'r (Ky.) 113 S. W. 90. In all those cases the person injured was not at a crossing, but suddenly came out in the

street in front of the car at a point between crossings. In none of those cases was the plaintiff's cause of action based on negligence of the defendant in not giving notice of the approach of the car. The railroad company is required to moderate the speed of its cars at public crossings, to give notice of their approach by proper signals, to maintain a headlight when it is dark and to keep a lookout for persons on the crossing, that such persons may have warning of the approach of the car and protect themselves from danger. But if a car is run over a crossing without these precautions, and a person is injured who has no warning of its approach, the defendant cannot be exonerated from liability on the sole ground that after his peril was discovered his injury could not be averted. There was some evidence here that the car was not running at a reasonable rate of speed, and the instruction should have contained the qualification as indicated in those opinions, "if the car was running at a reasonable rate of speed." The gist of the defense is that the child saw the car, and, knowing of its approach, undertook to run across in front of it, and fell between the tracks. On another trial the court will make the first part of the instruction read thus: "If you shall believe from the evidence that Mamie Whitman knowing of the approach of the car attempted," etc.

Judgment reversed, and cause remanded for a new trial.