CASE 64.—ACTION BY CHARLES B. DOLL AGAINST THE LOUISVILLE RAILWAY COMPANY.—May 20, 1910.

## Doll v. Louisville Railway Co.

Appeal from Jefferson Circuit Court.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Street Railroads—Actions for Injuries—Trial.—In an action against a street railroad company for injuries in a collision with plaintiff's carriage, there was evidence that the motor-man served an apprenticeship of 15 days before being given a car, that he had served as motorman for about 4 1-2 months, and there was no evidence tending to show that this length of service did not qualify him to perform the duties of motorman, and the only evidence tending to show incompetency was evidence that he might have been negligent on the occasion of the accident. Held, that this evidence was not sufficient to show incompetency, and that the court did not err in refusing to submit to the jury the question of the motorman's incompetency.

2. Street Railroads—Actions for Injuries—Instructions.—Although plaintiff is guilty of contributory negligence, he may still recover if defendant knew, or by ordinary care could have known, of his peril in time to avoid the injury by ordinary care, and this liability should be plainly stated to the jury, and an instruction, in an action against a street railroad company for injuries, that it was plaintiff's duty to exercise ordinary care for his own safety in going upon defendant's track, and that although the jury believed that the motorman failed in his duties or some one of them, yet if they believed that plaintiff failed to exercise ordinary care for his own safety, and such failure on his part so contributed to bring about his injury that but for such failure he would not have been injured, the law of the case was for defendant, followed by an instruction that if the jury believed that the motorman saw, or by ordinary care could have seen,

Doll· v. Louisville Railway Co.

that plaintiff's carriage was on the track or was going on the
track in front of his car and was in danger, and he saw, or
by ordinary care could have seen, it, far enough back of
where the carriage was upon the track or was going upon
the track by ordinary care to have stopped the car or arrested
its motion, and thereby prevented the car from colliding with
plaintiff's carriage and injuring him, the law of the case was
for plaintiff, does not properly present the doctrine of ·last
clear chance; but the instructions should submit the two
propositions so as to show that one qualifies the other.

THUM & ROY for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE
for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Reversing.

Appellant, Charles B. Doll, instituted   this action
against the appellee, Louisville  Railway   Company,
to recover damages for personal injury.   The  jury
found for appellee.   From the judgment based upon
this finding this appeal is prosecuted.   Appellant asks
a reversal because of errors in the instructions, and
because the court refused to submit to the jury the
question of the incompetency of  appellee's motor-
man.

The evidence for appellant is to the effect that, on
the occasion of the accident, he had stopped at a cot-
tage on Barret Avenue, in the city of Louisville, for
the purpose of interviewing the owner thereof in re-
gard to some business.   At this point, and for several
hundred feet, the grade is. very steep.   He hitched
his buggy on the side of the street.   After going into
the cottage, and finding the owner not there, he re-
turned, unhitched his horse, fastened the hitch rein,
and got into his buggy.    Before getting into the
buggy he looked up the street to the crown of the

hill and saw no street car. He then turned his horse
across the tracks, which ran in the middle of the
street. When upon the tracks and nearly over, the
buggy was struck by an electric car, and he was
thrown to the street and injured. He did not observe
the approach of the car until it got within about 10
feet, of him, nor did he hear any signals of its ap-
proach. At the time of the accident the car was mov-
ing at a very rapid rate of speed. There was some
evidence to the effect that, after the motorman dis-
covered, or could, by the exercise of ordinary care,
have discovered, his danger, he failed to exercise such
care to avoid injuring appellant.

The evidence for appellee was to the effect that
appellant was driving along the right-hand side of
the track when he suddenly pulled across the track
in front of the car, when it was too late for the mo-
torman to stop. In his deposition, taken before the
trial, the motorman testified that he had come within
60 feet of the buggy before he saw it. The horse and
buggy then wheeled across the track 30 feet ahead
of the car. Upon the trial he testified that he saw
the horse and buggy when 150 feet away; that the
horse and buggy wheeled across in front of the car
when the car was only 20 feet distant. The speed
of the car at the time of the accident was only 4 or
5 miles an' hour. After striking the buggy, the car
went its full length before it came to a stop. The con-
ductor, who was in charge of the car, stated that he
heard the gong sounded, and upon looking up dis-
covered the horse and buggy passing over the track
about 35 feet ahead.

We conclude that the court did not err in refusing
to submit to the jury the question of the motorman's
incompetency. It was shown that the motorman

served an apprenticeship of 15 days before being placed in charge of a car. He had served as motorman for about 4½ months. There was no evidence tending to show that this length of service did not qualify him to perform the duties of motorman. Nor can it be said that the fact that the motorman proved a stupid witness, as claimed by counsel for appellee, was evidence of his incompetency. A man may be a good motorman and at the same time a bad witness. Lack of capacity to testify intelligently is no evidence of lack of capacity to manage a street car. The only other evidence tending to show incompetency on the part of the motorman was the fact that he may have been negligent on the occasion of the accident. This was not sufficient to show incompetency.

The instructions given by the court are as follows:

"(1) It was the duty of the motorman in charge of the car which collided with the plaintiff's buggy to keep his car under reasonable control, to run his car at a reasonable rate of speed, to keep a lookout ahead of him for persons who might be upon the track or so near the track as to be in danger of being collided with by the car, and give notice of the approach of his car to such place as persons were upon the track or so near thereto as to be in danger of being struck by the car, and to exercise ordinary care to so run and operate his car that it would not be brought into collision with persons upon the track; and if you believe from the evidence in this case that the motorman in charge of the car failed in any one of the duties which I have just enumerated to you and negligently caused the car to collide with the plaintiff's buggy, and the plaintiff was injured, the law of the case is for the plaintiff, and you should so find.

"(2) But unless you believe from the evidence that the motorman in charge of the car failed in some one of the duties which I have enumerated, and unless you further believe from the evidence that such a failure caused the car to collide with plaintiff's buggy, and the plaintiff was injured thereby, then the law of the case is for the defendant, and you should so find.

"(3) I further instruct you, gentlemen, that it was the duty of the plaintiff, Charles B. Doll, to exercise ordinary care for his own safety in going upon the track, and although you may believe from the evidence that the motorman in charge of the car failed in his duties or some one of them, as submitted to you by the first instruction, yet if you further believe from the evidence that the plaintiff, Doll, failed to exercise ordinary care for his own safety, and such failure on his part so contributed to bring about his injury that but for such failure he would not have been injured, the law of the case is for the defendant, and you should so find.

"(4) I further instruct you, gentlemen, that if you believe from the evidence in this case that the motorman in charge of the car saw, or by the exercise of ordinary care could have seen, that the plaintiff's buggy was upon the track, or was going upon the track in front of his car and was in danger of being struck by the car, and he saw, or by the exercise of ordinary care could have seen, it far enough back of where the buggy was upon the track, or was going upon the track, by the exercise of ordinary care, to have stopped the car or arrested its motion and thereby prevented the car from colliding with the plaintiff's buggy and injuring him, then the law of the case is for the plaintiff, and you should so find.

Doll v. Louisville Railway Co.

"(5) I further instruct you, gentlemen, that if you believe from the evidence in this case that the motorman did have his car under reasonable control, and was running his car at a reasonable rate of speed, and did keep a lookout ahead of him for persons upon the track or so near thereto as to be in danger of being struck by the car, and did sound his gong as a warning to persons upon the track or about to go upon the track, and did exercise ordinary care to prevent colliding with the buggy, and if you further believe that the buggy, under those circumstances, was driven by the plaintiff upon the track so near in front of the car that the motorman by the exercise of ordinary care could not stop the car or arrest its motion in time to prevent colliding with plaintiff's buggy, the law of the case is for the defendant, and you should so find.

"(6) I instruct you, gentlemen of the jury, that if you believe from the evidence that the plaintiff's hearing was so impaired as to prevent his hearing the car or hearing the ringing of the bell of a car which was approaching him, far enough off to enable him to receive such warning and get off the track, then I instruct you that it was his duty to exercise, as far as a reasonably prudent man would exercise under the same or similar circumstances, his other faculties or senses in protecting himself from collision with the car.

"(7) 'Ordinary care,' gentlemen, is that degree of care which ordinarily careful and prudent persons usually exercise under like or similar circumstances, and 'negligence' is the failure to exercise ordinary care.

"(8) If you find for the plaintiff, you will award to him such sum in damages as you believe from the

evidence will reasonably and fairly compensate him for his pain and suffering, mental and physical, if any, and for the impairment of his power to earn money, if any, resulting directly from his injury, not to exceed the sum of $10,000, the amount claimed in the petition. If you find for the defendant, you will say so by your verdict and no more."

The appellant offered the following instructions:

"A. If you believe from the evidence that the plaintiff failed to exercise ordinary care for his own safety, and that by reason of such failure he contributed to the injury but for which it could not have happened, then you shall find for the defendant, unless you further believe that, after the plaintiff's said failure to exercise care on his part, the motorman perceived his danger, or could by ordinary care have perceived the same, and could have prevented the same by ordinary care, and failed so to do, whereby

"B. The plaintiff's negligence, if any there was, the injury happened.

will not prevent his recovering a verdict in this case if after such negligence the motorman in charge of defendant's car discovered the same, or by the exercise of ordinary care could have discovered the same, in time to save him by the exercise of ordinary care, and by reason of failure so to do, the injury to plaintiff occurred."

It is insisted that the court erred in failing to give one or the other of these instructions, or in not embodying the idea therein expressed in either instruction 3 or 4 as given. It is the contention of appellee however, that the instructions should be read and considered as a whole, and that when so considered the qualification insisted upon by appellant was practically submitted to the jury. It may be that a

lawyer of discriminating mind would be able to take instructions 3 and 4 and so harmonize them as to reach a correct interpretation of the law. We doubt, however, if a jury not trained to such niceties of distinction would be able to do so. By instruction 3 the court laid down the absolute and unqualified proposition that, if appellant was guilty of contributory negligence, he could not recover. Having stated the law in this form, the jury may have concluded that instruction 4 was only applicable in case they believed that appellant was not guilty of contributory negligence. In other words, they may have been led to believe that appellant's contributory negligence defeated his right of recovery even though they believed as in instruction 4. In a long line of opinions this court has held that, where the evidence justifies it, the principle announced in instruction 4 is a proper qualification of the principle stated in instruction 3. Even though the party injured is himself guilty of contributory negligence, he may still recover if the party causing the injury knew, or by the exercise of ordinary care could have known, of his peril in time to avoid the injury by the exercise of ordinary care. Louisville & Nashville R. R. Co. v. Lowe, 118 Ky. 272, 80 S. W. 768, 25 Ky. Law Rep. 2317, 65 L. R. A. 122; South Covington & Cincinnati Street Railway Co. v. Cleveland, 100 S. W. 283, 30 Ky. Law Rep. 1072, 11 L. R. A. (N. S.) 853; Louisville & Nashville R. R. Co. v. Collins, 2 Duv. 114, 87 Am. Dec. 486; Louisville & Nashville R. R. Co. v. McCoy, 81 Ky. 411. The instructions, therefore, should submit the two propositions in such form as to show that the one qualifies the other. Where each principle is stated in absolute form, and there is nothing in the instructions to show that a belief in the facts stated

in instruction 4 would authorize a recovery, even though plaintiff may have been guilty of contributory negligence, it seems to us that plaintiff's side of the case was not properly presented to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.