## Owensboro City Railroad Co. v. Wall.

(Decided February 7. 1911.)

### Appeals from Daviess Circuit Court.

Street Railways—Action Against for Personal Injuries—Negligence—
Instructions.—Where one was injured by the buggy in which he
was riding being struck by a street car and his horse becoming
frightened, an instruction advising the jury, in the trial of an
action for damages, that when the motorman saw the horse was
frightened he should have used reasonable care under the cir-
cumstances, to not frighten it again, and if he had reasonable
grounds to believe that it would frighten the horse to move the
car he should not have done so, and moving it was negligence,
properly submitted the question to the jury.

E. B. ANDERSON, ALBERT W. FUNKHOUSER and ARTHUR
FUNKHOUSER for appellant.

L. P. TANNER for appellee.

Opinion of the Court by Judge Nunn—Affirming.

Appellee, late one afternoon, with his wife and chil-
dren, was driving over the city of Owensboro, and when
coming from the end of Breckinridge street, a street car,
going the opposite direction, approached him across the
tracks of a steam railroad making a considerable noise
which frightened appellee's horse. The horse turned the
buggy around but was caught by a friend of appellee
and stopped, and the motorman stopped the car. Ap-
pellee and his friend made an examination and found that
one of the shafts was broken near the cross-bar, and they
took a hitch rain and rope and began to tie it up. The
motorman told them that he could not wait on them any
longer, and they began parleying with him trying to pre-
vail upon him to wait until appellee got into his buggy
before he started the car. When appellee got into his
buggy he started off in the direction the car was going
with the intention of turning out the first street he came
to, to a place of safety. As appellee started, the motor-
man started the car, and, according to appellee's testi-
mony, traveled faster than he was traveling and overtook
him at the street which he intended to turn out and just
as he was turning out, frightened his horse and caused
him to begin to run and kick. Appellee stated that he
found that he could not stop the horse so he turned him

into a wire fence; that his knee was injured, and that the horse and buggy were damaged for which he sued the company and recovered $397.50. Appellant's testimony agrees with appellee's, except that it shows that the car was not run upon or near the horse; that appellee had turned into another street and gone away from the car when the horse became suddenly frightened and ran away.

The court gave the jury three instructions; one on the question of damages, if they should find for plaintiff, and the other two, we copy:

"1. Gentlemen of the jury, if you believe from the evidence that while plaintiff was passing along Breckenridge street in or near the city of Owensboro driving a horse attached to a buggy in which he and his family were riding at the time and the said horse became frightened at a car belonging to the defendant, Owensboro City Railroad Company, and in charge of one of its servants, and after said agent discovered that said horse was frightened at his car he stopped his car and negligently, carelessly and willfully failed to keep it stopped reasonably long enough time for the plaintiff to reach a place of safety, or ran said car close to said horse and by reason thereof said horse became frightened, ran off and injured the plaintiff's knee, damaged his buggy and injured the horse, then you ought to find for the plaintiff and so state in your verdict.'

"3. If you believe from the evidence that you have heard that the injuries of which the plaintiff complains in his petition and evidence were the result of his own negligence or carelessness, and but for his contributory negligence and carelesness, if any, he would not have been injured or damaged, then you ought to find for the defendant; or, if you believe from the evidence that the horse which the plaintiff was driving was vicious, wild and unmanageable, and by reason of that alone he received his injuries, then you ought to find for the defendant."

The court should not have given the peremptory instruction asked for by appellant. When it saw that the horse was frightened it should have used reasonable care, under the circumstances, to not frighten it again, and if those in charge of the car had reason to believe that it would frighten the horse to move the car near it, they should not have done so, and if they did, they were guilty of negligence. The instructions submitted this

question to the jury, and we are not willing to disturb its finding.

For these reasons, the judgment of the lower court is affirmed.