## Mullins v. Cincinnati, N. & C. Ry. Co.

(Decided Feb. 27, 1934.)

LAMBERS, WEHRMAN & ROACH for appellant.
GALVIN & TRACY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The right of the Cincinnati, Newport & Covington

Railway Company to a directed verdict on the proven facts is the decisive question in this case. A disposition of it requires a synopsis of the evidence.

About 12:30 p. m. on the 24th day of February, 1932, Grace Mullins was preparing to attend a funeral of a friend. The funeral cortege was parked on the south side of East Third street, between Park and Linden streets, facing west. She was seated in the second funeral car from the hearse, when she was requested by a friend to occupy a seat in an automobile immediately in the rear. There were five people in the car; Mr. and Mrs. Jones were on the front seat, and Mrs. Mullins and two other occupants were on the rear. The hearse and the cars attending it were on the left-hand side of the street. She got out of the car on the right side, near the first rail of the street railway track. Immediately before getting out, she observed the street car at a distance of from 200 to 250 feet, going east. She stepped out, walked forward toward the head of the funeral procession, a couple of steps; turned around close to the door of the automobile. When she got out of the car, the door swung open and was left open. She turned to close the door, but did not take hold of it, when she was hit by the street car, within a couple of seconds after she turned towards the door. After she got out of the car, she again looked in the direction of the street car and observed it was about 100 feet in front of the hearse. She observed it before she got out and also afterwards. The last time she looked, it was about 100 feet away, when she turned to close the door of the automobile with her back towards the street car, and, as she started to reach the door, it struck her and also the door of the automobile, threw her to her knees and to the running board of the automobile, with her feet on the ground, and her arms and body, from the waist up, on the running board of the automobile. The street car came to a stop with the rear end about even with the engine of the automobile. In passing the automobile, it bent the door in the direction in which the street car was traveling. The calf of Mrs. Mullins' leg between the knee and ankle was cut crosswise, her ankle was cut, and she claims she also sustained a "nervous shock." On the conclusion of her evidence the court directed a verdict for the street railway company. The argument is pressed that the evidence clearly and convincingly shows Mrs. Mullins was guilty of contributory

negligence, such as to make it the duty of the court to give the peremptory.

The street car was rightfully in the street and had the right of way, but Mrs. Mullins had the same right to use the street as the railway company; the only distinction being that, as the car runs on a fixed track, she must reasonably give it the right of way while passing along its track. Louisville Ry. Co. v. Colston, 117 Ky. 805, 79 S. W. 243, 25 Ky. Law Rep. 1933; Leach v. Owensboro City Ry. Co., 137 Ky. 292, 125 S. W. 708; Chesapeake & O. Ry. Co. v. Honaker, 190 Ky. 125, 226 S. W. 394; Ohio Valley Elec. Ry. Co. v. Payne et al., 213 Ky. 590, 281 S. W. 523; Cornett's Adm'r v. L. & N. Ry. Co., 233 Ky. 797, 26 S. W. (2d) 1031.

It was the duty of the motorman to keep a lookout ahead for pedestrians using the street so as to give them timely warning of the car's approach, if necessary to apprise those who were unwarned of its approach, or could not leave the track in time to escape injury; also to exercise ordinary care to prevent injuring persons on the street and stop the car, if necessary to do so, to prevent injuring them, but it was not negligence to fail to stop the car where the motorman, with ordinary care and with the means at his hands, could not do so with safety to the passengers. On discovering the apparent danger of Mrs. Mullins, it was the duty of the motorman to exercise ordinary care to avoid injuring her. Kentucky T. & T. Co. v. Humphrey, 168 Ky. 611, 182 S. W. 854; Owensboro City R. R. Co. v. Lyddane, 41 S. W. 578, 19 Ky. Law Rep. 698; Owensboro City R. Co. v. Wall, 142 Ky. 86, 133 S. W. 1145; Owensboro City Rd. Co. v. Hill, 56 S. W. 21, 21 Ky. Law Rep. 1638; Floyd v. Paducah Ry. & Light Co., 73 S. W. 1122, 24 Ky. Law Rep. 2364; Doll v. Louisville Ry. Co., 138 Ky. 486, 128 S. W. 344. Her contributory negligence does not preclude her recovery if the motorman in charge of the street car knew or by the exercise of ordinary care might have discovered her peril in time to prevent injuring her. Flynn v. Louisville Ry. Co., 110 Ky. 662, 62 S. W. 490, 23 Ky. Law Rep. 57; Whitman's Adm'r v. Louisville Ry. Co., 134 Ky. 6, 119 S. W. 165; Louisville Ry. Co. v. Gaar (Ky.) 112 S. W. 1130. It was in evidence that the street car was traveling at as fast a rate of speed as it could run. It cannot exonerate itself of liability if the street car was traveling at an excessive or any rate of speed after the motorman

knew, or her peril was discoverable by him, by the exercise of ordinary care. In such exigency Mrs. Mullins was protected by the humanitarian, or last clear chance, doctrine, which means that, "though one's acts may place him in position of peril, if with knowledge of that peril, another acts or omits to act, and an injury results, the injured person is entitled to recover."

In many cases we have written, even where the plaintiff out of sheer hardihood or recklessness placed himself in a position of peril, he is not outside the pale and the protection of the humanitarian doctrine which Mrs. Mullins invokes in this case. Whitman's Adm'r v. Louisville Ry. Co., 134 Ky. 6, 119 S. W. 165. The test is, without regard as to how she came in peril,. Did the defendant's motorman in charge of the street car see, or could he by due care, have seen her peril and negligently fail to avoid injuring her? If so, the defendant is liable. The undisputed facts entitled her to this prevailing doctrine. The court erred in giving the peremptory instruction, thereby depriving her of it. On another trial, if one is had, the court will instruct the jury to find for the defendant, unless it believes from the evidence the motorman in charge of the defendant's street car failed to exercise ordinary care to avoid injuring plaintiff, after he discovered, or by the exercise of ordinary care, could have discovered, her peril, and that by such failure, if any, she was thereby injured, you will find for the plaintiff. Cumberland Gro. Co. v. Hewlett, 231 Ky. 702, 22 S. W. (2d) 97; H. M. Williams Motor Co. v. Howard, 251 Ky. 557, 65 S. W. (2d) 688. This instruction, one defining the measure of damages, and another informing the jury of the number required to agree on a verdict, should be given.

Conduct of the trial judge and the insufficiency of the bill of exceptions showing his conduct are discussed pro and con in the briefs. Assuming the conduct will not again occur, and it not being necessary to discuss same to dispose of the case properly, we decline to extend the opinion to consider the charge or the arguments thereon.

Judgment is reversed, with directions to award a new trial and for proceedings consistent with this opinion.