JUDGE HARDIN
delivered the opinion of the court:
The appellant sued the turnpike road company for damages for injuries to his person and property alleged to have been sustained while traveling on the road in the night, by falling through an opening in a bridge over which the road passed, which he alleges the defendants had left by gross negligence, and in violation of their duty and the rights of passengers.
The defendants, by their answer, admit they were an incorporated company having charge of the road, but controvert the other material averments of the petition.
It appears, from the evidence adduced by the plaintiff, unexplained by the defendants, that, on the night of the alleged injuries to appellant, a bridge over which the road passed was left partly uncovered, and in a situation from *109 ■which gross negligence, on the part of the managers of the road, might have been inferred. It further appears from the evidence, that appellant, riding a mule and carrying a bundle of candles, was, at dusk of the same evening, seen passing on said road in the direction of the bridge, from the town of Richmond; and that, about two hours in the night, he arrived at the house of John Burke, near the road, some six miles from Richmond and two miles beyond the bridge, having his clothing torn and his person bruised and injured, and without his candles or mule. The witness, Burke, proves that he found the mule on the road some distance from the bridge, and a bunch of candles “ mashed up ” in the bridge.
These facts with others, conducing circumstantially to sustain the averments of the petition, do not appear to have been objected to as legitimate evidence.
On the motion of the defendants, the court instructed the jury, peremptorily, to find for the defendants ; and, in accordance with this instruction, a verdict and judgment were rendered, from which Shay has appealed to this court.
To authorize an instruction, as in case of a non-suit, it should appear that, admitting the testimony to be true, and every inference that is fairly deducible from it, the plaintiff has still failed to support his claim.
This, in our opinion, is not such a case; and the jury should have been permitted to determine for themselves what weight was due to the evidence.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.