CASE 78—PETITION—NOVEMBER 15.

# West & Brother v. Louisville, Cincinnati & Lexington Railroad Co.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. A PURCHASER MAY BECOME RESPONSIBLE FOR THE CONTINUANCE OF A NUISANCE ERECTED BY HIS VENDOR.

    The alienee or grantee may become responsible for the continuance of a nuisance either to a party originally affected by it, or another deriving title from him.

    But a purchaser of property on which a nuisance is erected is not liable for its continuance, unless he has been requested to remove it, or in some way informed that its removal is required.

    The injured party should be presumed to acquiesce until he requests a removal of the nuisance.

    Knowledge of the existence of the nuisance is not equivalent to a request or notice to remove or reform it.

2. The right to abate a nuisance or to recover damages for its continuance may be barred by the usual analogous period of limitation.

3. A RAILROAD COMPANY IS LIABLE FOR DAMAGES RESULTING FROM A FAILURE TO KEEP A CULVERT UNOBSTRUCTED.

    The entrances of the culvert in this case were subject to the company's control as part of its road-bed.

    The right of the corporation to enjoy the use of its road-bed as an easement carried with it a continuing correlative obligation to use reasonable diligence to keep the culvert unobstructed, so that detriment to the owners of the land might be avoided so far as practicable, considering the size and structure of the culvert.

C. D. CARR, . . . . . . }
BRECKINRIDGE & BUCKNER, } . . . . For Appellants,

### CITED

Washburn on Easements, 99–103; *ib.* 41, 42, 46, 124, 130.
Willes, 583, Winsmore v. Greenbank.
Cro. Jac. 555, Brent v. Hadden.
Shearman & Redfield on Negligence, 2d edition, section 875.

West & Brother v. Louisville, Cincinnati & Lexington Railroad Co.

2 Kern. 487.                     3 Starkie on Evidence, 992.
10 Massachusetts, 74.            11 M. & W. 176,
13 Connecticut, 307.             4 M. & W. 496.
1 Jones (N. C.) 23.              5 Mason, 197, Lyman v. Arnold.
2 Salk. 460, Rosewell v. Prior.
10 Massachusetts, 72, Staple v. Spring.
5 Cooke, 101, Penruddock's case.
3 Denio, 306, Waggoner v. Germaine.
30 Alabama, 328, Commelin v. Cove & Co.
3 Dutcher (N. J.) 457, Morris Canal & Banking Co. v. Ryerson.
1 Chitty's Pleading, 7 Edwards, 101, 423; 2 ib. 770.
2 Saund. Pleadings and Evidence, 1st edition, page 686.
1 Duvall, 256, Ray v. Sellers.
11 Michigan, 77, Caldwell v. Gale,
7 Georgia, 314, Bonner v. Wellborn,
10 Adolphus & Ellis, 590, Flight v. Thomas.
52 Barbour, 584, Holford v. Hawkinson.
24 Barbour, 407, Hubbard v. Russell,
19 Wend. 309, Parker v. Foote.
5 Barn. & Cress. 221, Hewlins v. Shippam.
3 Barbour, 160, Brady v. Weeks.
1 Metcalfe, 29, Slaughter v. Morgan.
2 Metcalfe, 102, Hall v. McLeod.
16 B. Monroe, 356, Merritt v. Polly.
17 B. Monroe, 28, Thompson v. Thompson.
9 B. & M. 21, Maxwell v. McAtee.
9 Serg. & R. 33, Cooper v. Smith.
37 Alabama, 30, Polly v. McCall.
7 Ellis & Blackburn, 391, Murgatroyd v. Robinson.
1 Bush, 108, Shay v. Richmond & Lancaster Turnpike Road Co.

JOHNSON & BROWN,  . . . . . . . . .  For Appellee,

CITED

Washburne on Easements and Servitudes, chap. 1,
    sec. 4; chap. 3, sec. 4, and cases cited.
Redfield on Railways, side page 116, and notes.
Angell on Water-courses, page 478.
3 Fairfax, 238, China v. Southwick.
4 Wend. 10, Lansing v. Smith.
1 Wheaton's Selwyn, 443, and notes; 1141, and notes.
5 Cooke's Rep. 101, Penruddock's case.
2 Green (N. J.) 36, Pierson v. Glean.
9 New Hampshire, 88.        13 Connecticut, 303.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The appellants, the owners of a tract of land which they purchased in 1865, with a distillery subsequently erected thereon, adjoining the road-bed of the Louisville, Cincinnati & Lexington Railroad at and near its intersection of a branch of Elkhorn Creek in Fayette County, brought this action for the recovery of damages sustained, as they alleged, by the flooding and partial destruction of their distillery and property connected with it, in January, 1870.

It appears that the road-bed, as now used by the appellee, where it crosses said branch was constructed by the Lexington & Ohio Railroad Company, in or about the year 1833, consisting of an embankment and culvert for the passage of the water of the branch; and that the culvert, containing two apartments separated by a wall, was never of sufficient size for the free and natural passage of the stream when swollen by heavy rains, and has at times caused the water to accumulate above it, overflowing the adjacent land; that shortly after the construction of the embankment and culvert the road and franchises of the Lexington & Ohio Railroad Company were sold to the state of Kentucky, and they subsequently became vested in the Lexington & Frankfort Railroad Company, which has recently become a part of the Louisville, Cincinnati & Lexington Railroad Company.

Without reciting the pleadings or detailing the evidence, it is deemed sufficient to say that they presented the following questions to be determined on the trial:

1. Admitting the obstruction of the stream, caused by the embankment and insufficient culvert, to have been a private nuisance, and that they caused the flooding of the distillery, could the plaintiffs maintain their action without a previous request to the defendant to reform or abate the nuisance?

2. Had the defendant acquired by time and use such prescriptive or other right to use the road-bed, as originally

constructed, as would bar an action for damages caused by the unskillful or defective construction of the culvert?

3. Could the plaintiffs maintain their action for such damages, they having built their distillery after the construction of the culvert, and with the knowledge on the part of their vendors of the insufficiency of the culvert, and the consequent liability of the land on which they built to be overflowed?

4. Was or not the defendant liable for so much of the damage sustained at least as may have resulted from negligence in permitting the culvert, as originally constructed, to be and remain so filled up as to diminish such capacity as it otherwise would have had for admitting the passage of the water, and was there such negligence on the part of the defendant?

. The evidence adduced by the plaintiffs on the trial strongly conduced to the conclusion not only that the culvert, if wholly unobstructed, was not of sufficient size, but that immediately after the flooding of the distillery there was across the upper face and entrance of the culvert a mass of drift-wood and dirt about two feet high, which to that extent prevented the passage of the water, and of course contributed to the flooding of the distillery. And although it does not appear distinctly or satisfactorily whether the accumulation was caused by that particular rise of water in the stream or was previously formed, there is some evidence conducing to the latter conclusion. There is little or no contrariety of evidence as to the fact that the plaintiffs sustained great loss by the flooding of their distillery.

Upon this evidence the court, at the instance of the defendant, peremptorily instructed the jury to find for it, and a verdict and judgment were rendered accordingly, from which, a new trial having been refused, the plaintiffs prosecute this appeal.

With reference to the imputed liability of the appellee for continuing in 1870 a private nuisance created as early as 1833,

it must be borne in mind that the parties are in the position of grantees since the erection of the nuisance. But although when one who erects a nuisance conveys the land he does not transfer the liability for the erection to the grantee, it is nevertheless true that an alienee may become responsible for the continuance of a nuisance, either to a party originally affected by it or another deriving title from him. We consider the principle, however, as sustained, at least by a preponderance of authority, that in such a case the alienee or grantee does not become responsible, unless after reasonable notice, request, or remonstrance he shall refuse to reform or abate the nuisance. (Roswell v. Prior, 12 Madison, 635; Penruddock's case, 5 Cooke, 205; Johnson v. Lewis, 13 Connecticut, 303; Woodman *et al.* v. Tufts, 9 New Hampshire, 88; Washburn's Easements and Servitudes, 664; Ray v. Sellers, ·1 Duvall, 254.)

We know that this doctrine has been questioned by some American courts of high authority, as not founded on any sufficient or maintainable reason; but we regard the rule as eminently reasonable and just, that a purchaser of property on which a nuisance is erected is not liable for its continuance unless he has been requested to remove it, or in some way informed that its removal was required; for, as was properly said in the case of Johnson v. Lewis, *supra,* "the purchaser of property might be subjected to great injustice if he were made responsible for consequences of which he was ignorant, and for damages which he never intended to occasion. They are often such as can not be easily known except to the party injured. A plaintiff ought not to rest in silence, and finally surprise an unsuspecting purchaser by an action for damages, but should be presumed to acquiesce until he requests a removal of the nuisance."

It is argued however for the appellants, in effect, that if the rule we have stated be generally correct, it is not applicable

to this case, because the knowledge of the agents of the appellee of the injurious consequences of the insufficiency and defectiveness of the culvert was equivalent to a request or notice to reform it. We can not admit this. As well might it be insisted on the other side that the knowledge which the appellants must have had of the danger to their property, caused by the insufficiency of the culvert, imported an agreement on their part to risk the consequences of the nuisance.

As upon the state of the case shown by the record the plaintiffs could not, for the reasons we have stated, recover for damages caused by the faulty construction of the culvert, it may not be necessary to consider at any length, or even to decide, the questions whether the action, if otherwise maintainable, was barred by time and the use of the culvert as originally constructed; and if it was not, whether the plaintiffs' claim to damages could be defeated by proof of knowledge on the part of their vendors that their land was liable to be overflowed in consequence of the nuisance. But as the case, in one aspect at least, will have to be retried, it may be proper to say that we do not perceive from this record that either of these questions should have been so decided as to render it proper to instruct the jury to find for the defendant. To prevent misapprehension, however, we would add that we do not decide that where the franchise is so used and enjoyed as to involve the continuance of a private nuisance, the right to abate the nuisance, or recover for damage caused by it, may not be barred by the usual and analogous period of limitation.

The question remains to be determined whether the court did or not err in excluding from the jury the inquiry as to damages caused, as alleged, by the negligence of the defendant in failing to prevent the passage of water through the culvert from being obstructed, and thus wrongfully contributing to the injury complained of. The evidence conduces to the conclusion that the entrances of the culvert were subject to the

defendant's control as part of its road-bed, and we regard the principle as indisputable that the right of the corporation to enjoy the use of its road-bed as an easement carried with it a continuing correlative obligation to use reasonable care and diligence to keep the culvert unobstructed, so that detriment to the owners of the land might be avoided so far as practicable, considering the size and structure of the culvert.

As to the sufficiency of the evidence to prove the alleged want of diligence and care on the part of the appellee, we will express no opinion further than to say that in our opinion there was not such a failure of evidence on that subject as to render it proper to instruct the jury imperatively to find for the defendant, and the court erred in so doing. (Shay v. Richmond & Lancaster Turnpike Road Company, 1 Bush, 108.)

Wherefore the judgment is reversed and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.