### M. BAXTER, ET AL., *v.* P. N. TYE, ET AL.

**Non-Suit—Peremptory Instruction.**

To authorize an instruction, as in case of a non-suit, it should appear that, admitting the testimony to be true and every inference that is fairly deducible from it, the plaintiff has still failed to support his claim.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

April 18, 1876.

OPINION BY JUDGE LINDSAY:

Baxter insists that he should be allowed to set off the damages

sustained on account of the diseased condition of the hogs he purchased from H. L. Tye and Falconer, against the note sued on; and he alleges in his answer that said H. L. Tye is the real owner of the note. To sustain his right to the set-off it was necessary that he should show that H. L. Tye either owned the whole or some part of the note at the time of its execution and delivery.

It was executed for a balance due on a lot of twenty-five mules, sold by said Tye and Baxter. The-latter purchased the mules within about five days after the purchase of the hogs. It may fairly be inferred from the evidence that H. L. Tye had the hogs and mules in possession at the same time. Baxter swears that he purchased the mules from H. L. Tye, and that although he made the note payable to J. and P. N. Tye, he thought at the time that H. L. Tye was one of said payees, he not knowing his name, and not being acquainted with his family.

It is further proved by the witness, Miller, whose deposition was taken by appellees, that some time prior to the sale of the mules, he saw the appellee, P. N. Tye, and H. L. Tye in possession of a lot of 25 mules, and that he understood from them both that they were the joint owners of the mules; and this answer was brought out by a question asked by the appellees. Upon this evidence the court below instructed the jury to find for the appellees. This was, in effect, to decide that although H. L. Tye had the mules and hogs in his possession at the same time that he exercised like ownership over them, he did not disclose the facts that any one else owned or was interested in the mules; that the appellees allege that the hogs were his property; that, although one of the appellees induced Miller to believe that H. L. Tye was a part owner of a lot of mules of the same description with that sold to Baxter; still the jury could not infer that said H. L. Tye owned any interest whatever in the mules when he sold them to Baxter.

The rule in such cases is that "To authorize an instruction, as in case of a non-suit, it should appear that, admitting the testimony to be true, and every inference that is fairly deducible from it, the plaintiff has still failed to support his claim." *Shay v. Richmond & Lancaster Tpk. R. Co.,* 1 Bush 109. If from the evidence before them the jury had found that H. L. Tye owned one-half of the note sued on at the time of its delivery to him, we think it doubtful whether or not the appellees could, on that ground alone, have had a new trial. This case certainly does not come within the rule stated above.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Chenault & Bennett, for appellants.*

*Turner & Smith, for appellees.*