## Illinois Central Railroad Company v. Lashley, Administrator.

## Same v. Same.

(Decided February 17, 1925.)

## Appeals from Ohio Circuit Court.

1. Railroads—Lookout Duty and Ordinary Care Required, where Presence of Persons on Track May Reasonably be Anticipated.— Where public is accustomed to use a railroad track as a highway and presence of persons thereon may reasonably be anticipated, and track has been so used by public for a long space of time, a lookout is required of railroad, and ordinary care must be used to avoid injuring them.

2. Railroads—Negligence as to Person on Track Held for Jury.— In action for death of plaintiff's decedent when struck by one of defendant's trains on track used by public as a highway, whether railroad was liable held for jury.

3. Master and Servant—Verdict Finding Only Railroad Liable Not Defective, though Joint Negligence of Engineer and Railroad Alleged.—In action for death of plaintiff's decedent when struck by defendant's train, where it was alleged that her death was caused by gross negligence of engineer acting jointly with railroad in operation of the train, and case was submitted to jury as to both defendants, verdict finding only railroad liable was not defective.

4. Railroads—Instruction Submitting Question of Negligence of Engineer and Railroad Held Proper.—In action for death against engineer and railroad, where petition alleged facts showing negligence of engineer and other facts showing railroad's negligence, instruction submitting to jury question of negligence by each was proper.

5. Railroads—Refusal to Limit Evidence as to Number of Persons Using Track Held Not Erroneous.—In action for death of plain-

tiff's decedent when struck by defendant's train, at place customarily used by public, court did not err in refusing to limit evidence as to number of persons passing along track at 8:45 a. m. as during business hours presence of persons on track might be anticipated.

6. Appeal and Error—Trial—Failure to Instruct on Decedent's Duty to Use Care Held Harmless.—In action for death of plaintiff's decedent when struck by defendant's train, failure to instruct that it was decedent's duty to use ordinary care to learn of train's approach was harmless, where defendant did not request such instruction and idea was expressed in instruction given.

7. Railroads—Evidence Held Not to Show Signals.—In action for death of plaintiff's decedent when struck by defendant's train, evidence held not to show that whistle was blown, and that bell was ringing.

8. Railroads—Failure to Give Crossing Signal Not Negligence as to Trespassers.—As to persons on track at places where presence of persons is not to be anticipated, and who are therefore trespassers, failure to give signals at a public crossing as train approaches them is not negligence.

9. Railroads—Persons Using Track with Acquiescence of Railroad Entitled to Signals.—Where railroad tracks were used by public with acquiescence of railroad, they were entitled to reasonable signals of approach of trains, and might rely on such signals being given.

10. New Trial—Not Granted for Discovery of New Parol Testimony, Unless it would have Produced a Different Result.—A new trial will not be granted for discovery of new parol testimony, unless it is of such character as to warrant court in concluding that, if heard on trial, it would produce a different result.

A. D. KIRK, TRABUE, DOOLAN, HELM & HELM and R. V. FLETCHER for appellant.

OTTO C. MARTIN and HEAVRIN & HEAVRIN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

These two appeals, which have been heard together, will be decided in one opinion.

Lena F. Lashley, a girl sixteen years of age, was struck and killed at McHenry on the track of the Illinois Central Railroad Company on September 19, 1922. The first of these actions was brought by her father as her administrator to recover for her death. The issues were made up and on the trial of the case there was a verdict and judgment in favor of the plaintiff against the rail-

road company for $2,500.00. Its motion for a new trial having been overruled, the railroad company appeals.

The judgment was rendered on May 16, 1923. On November 15, 1923, the railroad company filed its petition for a new trial on the ground that since the judgment it had discovered new and important testimony, which it had not learned of before the trial and could not discover by ordinary diligence. An answer was filed controverting the allegations of the petition. Proof was heard in open court and on all the evidence, on December 15, 1923, a judgment was entered dismissing the petition for a new trial. From this judgment the railroad company appeals.

The proof for the plaintiff and defendant is very conflicting as to how the death of the girl occurred. The proof for the plaintiff tended to show these facts: She left her father's shop about 8:40 a. m. to go to the postoffice to mail a letter and buy some stamps; she went from his shop along the county road to the railroad track and walked along the railroad track for something over a thousand feet, going north; the track was straight for this distance and a little more. While she was so walking along the track with her back to the south a rapidly running freight train came up behind her from the south, blew no whistle for the crossing, rang no bell, and struck the girl in the back before she was aware of its approach and when no one on the train saw her. McHenry is a town of the sixth class; it contains seven or eight hundred people. There are three coal mines from a quarter to three-fourths of a mile from it and the entire population of the community thus constituted is about three thousand. The railroad track is much used by the people; some three hundred people a day pass along the track where the girl was struck, the injury occurring about 8:45 a. m. on a bright morning.

On the other hand, the proof for the defendant tends to show that the girl came down some steps about thirty-five feet from where she was struck and walked from these steps out on the railroad, immediately in front of the approaching train and so close to it that the engineer, who was on the lookout and seated on the right-hand side of the engine, could not see her on account of the boiler, which projected in front of him and cut off his view of the point where she entered on the track. The engineer did not know that he had struck her until he received word by wire at a station about thirty miles further

north.   The fireman was not on the lookout but was putting in coal.   The engineer testified that he was on the lookout; but, on the other hand, plaintiff introduced proof that the engineer was not looking forward but had his back to the witness standing on the side of the track and was looking across at the boiler.

The proof is uncontradicted as to the use of the track there within the town by the public, and the trainmen well knew it.   In fact, the railroad company had built steps along its right of way for people to use and had made other improvements in view of the use of this way by the public.

It is a well settled rule of this court that at such places, so used by the public, where the presence of persons on the track is reasonably anticipated and the track has been so used by the public for a long space of time, a lookout duty is required and that ordinary care must be used to avoid injuring them.   Payne v. Pritchard, 200 Ky. 397; C. & O. Railroad Co. v. Banks, 144 Ky. 137.   The facts shown bring the case clearly within the rule, and the court did not err in refusing to peremptorily instruct the jury to find for the defendant.

The action was brought against the railroad company and the engineer of the train.   It was alleged in the petition that the engineer, George Isaacs, who was in charge of the train as engineer acting jointly with the railroad company, with gross negligence and wanton carelessness, ran the train against Lena S. Lashley and killed her.   Then, after setting out the use of the track at that point by the public as above stated, it was further alleged that the defendants acting jointly and concurrently, one with the other, operated the train in a reckless and negligent manner and at a dangerous and excessive rate of speed and without warning or notice of any kind of its approach and without keeping any lookout, by their gross negligence, acting jointly one with the other, its agents and servants in charge of said engine and train ran it over the decedent and killed her.   The case was submitted to the jury by the court as to both of the defendants.   The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of twenty-five hundred dollars ($2,500.00) against the defendant, the Illinois Central Railroad Company."   It is earnestly insisted that if the railroad company is liable at all it is liable by reason of the negligence of the engineer and that there being no verdict against the engineer

the judgment against the railroad company was not warranted. But in numerous cases this court has held otherwise. Buskirk v. Caudill, 181 Ky. 45, and cases cited. The rule is too well established now to be departed from. The form of the verdict was possibly due to the fact that the jury were misled by instruction 9, which told them, in substance, that they might find for or against either or both of the defendants, and that the jury understood this to give them a discretion as to who should pay the judgment.

It was proper that the plaintiff should set out in the petition the facts showing negligence on the part of the engineer, for he was one of the defendants, and the petition would not be good against him otherwise. But the petition also alleged facts showing negligence on the part of the railroad company, as was proper, for the plaintiff might rely on the negligence of the railroad company outside of the negligence of the engineer. This is not a case, therefore, where general allegations of negligence should be limited to specific acts of negligence elsewhere alleged in a pleading. For the allegations of the petition were made to show, first, a liability on the part of the engineer, and second, a liability on the part of the railroad company.

The instructions of the court submitting to the jury the question of negligence on the part of the engineer and also the question of negligence on the part of the railroad company were, therefore, proper. The instructions are in the form often approved by this court, and under the facts of this case could not have misled the jury.

The court did not err in refusing to limit the evidence as to the number of persons passing along the track at 8:45 a. m. This court has ruled that the evidence should be so limited when the collision occurs at night or at some time when the presence of persons on the track should not reasonably be anticipated.

There was nothing in this case to bring it within that rule, for the collision occurred during business hours and during such hours, at such places, the presence of persons on the track may be anticipated. Complaint is also made that the court did not in the instruction on contributory negligence tell the jury that it was the duty of the decedent to use ordinary care to learn of the approach of the train. But the defendant did not on the trial ask the court to so instruct the jury. The instruction is in the

form often approved, and while the words suggested might very properly be used in such an instruction, the idea is expressed in the words in fact used and the failure to add these words here could not reasonably affect the verdict. There was a strong wind blowing southward, which prevented the girl from hearing the noise of the approaching train.

While the proof for the defendant showed that the whistle was blown and that the bell was ringing on the engine, the weight of the evidence is to the contrary as to both. There is no proof that the bell was started to ring as the train approached the station, and it is unreasonable that the automatic bell, which was started to ringing at the station several miles below, was left ringing until it reached this station. The engineer did not start the bell to ringing here. The fireman did not. As to persons on the track at places where the presence of persons is not to be anticipated and who are therefore trespassers, the failure to give signals at a public crossing as the train approaches them is not negligence. But the rule is otherwise as to persons rightfully on the track at places where the presence of persons is to be anticipated. The track through McHenry was so used by the public with the acquiescence of the railroad company that these persons were entitled to reasonable signals of the approach of trains and may rely on such signals being given. On the whole case the defendant had a fair trial on the merits.

The petition for a new trial was based upon the discovery of new evidence by two witnesses who did not testify on the trial and were then unknown to the defendant. But on the trial of the application, after these witnesses testified, a number of witnesses were introduced who so contradicted the testimony of these two witnesses as to entirely destroy its value. If the new testimony and the contradictory testimony had all been introduced on the trial it would not have helped the defendant's case. It is a settled rule not to grant a new trial for the discovery of new parol testimony, unless it is of such character as to warrant the court in concluding that if heard on the trial it would produce a different result. Under this rule the circuit court properly refused to grant a new trial on account of the new testimony referred to.

The judgment in each case is affirmed.