## Grinstead v. Feinstein et al.

(Decided November 12, 1929.)

TUGGLE & TUGGLE and P. L. SENTERS for appellant.

H. H. OWENS and H. L. MEANS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Mrs. W. P. Grinstead brought this action against Ben Feinstein and his son, Paul Feinstein, to recover for injuries received in an automobile collision. The proof for her, briefly stated, showed these facts: She was riding in a Ford sedan with three other ladies, going from Corbin to Barbourville. She was on the back seat, and they were going about 25 miles an hour. Ben Feinstein came up behind them in a large Dodge car and undertook to pass them. The first they knew of his presence was as his car came up beside them; the Ford sedan was on the right-hand side of the road and a foot and half to the right of the plain black mark in the center of the road. The Dodge car ran into the Ford and knocked it off the road over a bank about six feet high. Mrs. Grinstead's nose was broken and nearly cut off on one side, and she received painful injuries about the head, chest, and hips.

At the conclusion of the evidence for her, the defendant moved for a peremptory instruction, which was refused. He then stated these facts: As he came up behind the Ford and undertook to pass it, he blew his horn and turned his car off to the left and tried to pass. In doing this, he ran off the concrete about two feet, and as he tried to bring his car back on the concrete, the steering wheel broke, and he thus lost control of his car, and the collision occurred. According to the proof for him, the Ford car ran into his car after he lost control of the steering wheel. The steering wheel consists of four steel spokes fastening the rim of the wheel to the rod that controls the car. These steel spokes were about six inches long, from a quarter to a half inch thick, and three-quarters of an inch wide. The proof shows clearly that the Dodge car ran in a rainbow curve across the pike until the collision occurred, and that the collision occurred some two feet to the right of the center of the road. While the car stood in the name of Paul Feinstein, the son, it was bought for family purposes, and was being used for the purposes for which it was bought.

The circuit court gave a peremptory instruction for the defendant on this evidence on the ground that the collision was the result of an unavoidable accident. This is true if the testimony of Feinstein is correct; but the jury may not under all the facts have believed his testimony, or may have concluded from the circumstances that he

was mistaken as to when his steering wheel broke. Such an injury as he described to the steering wheel might naturally happen when the two cars collided, for it would not be at all unreasonable, if, as one of the witnesses for the plaintiff testified, the side of his car hooked into the other car, that this sudden wrench of one car against the other might reasonably break the steering wheel; or, if it did not break then, it might have been broken in the fall of the car over the bank. The proof is conclusive that the dirt on the side of the road was on a level with the concrete, and that it was solid. There is no proof of any jar or jolt as the car came back from the dirt to the concrete, and no proof of anything that would cause the solid steel bars to break at this point. Only a second passed from the time he turned the car to the right until the collision occurred, for the Ford was going about 25 miles an hour and he must have been running much faster in an effort to pass it. That he was running fast is shown by the fact that he got so far out of the road, for, if he gave his wheel the ordinary turn to pass another car when running at an ordinary gait, the same turn of the wheel would take him twice as far to the left if he was running twice as fast as the ordinary gait. Under all these circumstances, the jury might very reasonably have concluded that he was mistaken as to the point at which his steering wheel broke.

It is the well-settled rule of this court that a peremptory instruction may only be given if, admitting every fact shown by the plaintiff's evidence to be true, as well as all reasonable inferences that can be drawn therefrom, he has failed to establish his case; and, where reasonable minds may honestly differ as to the truth or falsity of conclusions and deductions to be drawn from the evidence, the question is for the jury. Nelson v. Black Diamond Mining Company, 167 Ky. 676, 181 S. W. 341; Collett's Gdn. v. Standard Oil Company, 186 Ky. 142, 216 S. W. 356; Ham v. Hord, 189 Ky. 317, 224 S. W. 868. Or, to put the rule in other words, a peremptory instruction is not authorized unless, after admitting the facts shown by the plaintiff and every reasonable inference to be deduced from the facts proven on the trial, his cause of action is not supported in any degree, Chicago, St. L., etc., Railroad Company v. Armstrong, 168 Ky. 104, 181 S. W. 957. Under this rule the peremptory instruction should not have been given, and the case should have been submitted to the jury on the facts. It is not mate-

rial under the evidence whether the Dodge car ran into the Ford, as shown by the plaintiff, or the Ford ran into the Dodge, as shown by the defendant, for the Ford was in its right place on its side of the road, and the Dodge car suddenly ran in from the left in front of it and so brought about the collision. Four steel spokes such as those in this wheel would only all break at once in a violent wrench or blow and not presumably in the ordinary proper operation of the car; and, if they broke when the defendant turned the car to the left, the jury might infer that improper force was used; or, from the fact that there was then no distinct wrench or blow, the jury might infer that the defendant was mistaken in saying they broke then.

Judgment reversed, and cause remanded for further proceedings consistent herewith.