## Louisville & Nashville Railroad Company v. Cornett's Administrator.

(Decided January 27, 1931.)

ASHBY M. WARREN, HENRY W. MILLEN, D. I. DAY, L. E. HARVIE and C. S. LANDRUM for appellant.

ASTOR HOGG and H. L. MOORE for appellee.

Opinion of the Court by Judge Willis—Reversing.

Ance Cornett was struck by a passenger train of the Louisville & Nashville Railroad Company and sustained fatal injuries. His administrator instituted an action against the railroad company to recover damages for his death. At the first trial of the action the circuit court directed a verdict for the defendant. The administrator prosecuted an appeal to this court, and the judgment was reversed. Cornett's Adm'r v. L. & N. R. R. Co., 233 Ky. 797, 26 S. W. (2d) 1031. At the last trial there was a judgment for the plaintiff for $5,000, and the railroad company has prosecuted the present appeal. The right to a reversal is rested upon complaint of the instructions given and refused, and a contention that the verdict of the jury is palpably against the evidence.

It was decided upon the former appeal that the evidence for the plaintiff respecting the character of the place of the accident was sufficient to take the case to the jury upon the issue whether or not the company owed a duty to maintain a lookout for pedestrians. It was further held, if the jury should find that a lookout duty was owed, that it was then the duty of the defendant's servant's in charge of the passenger train to exercise ordinary care to avert injury to Cornett, after his peril was discovered, or, by the exercise of ordinary care, could have been discovered. The evidence for the plaintiff, as construed by this court on the first appeal, tended to show that Cornett was injured at a place where he had the right to be; and if a lookout duty was due him, as the jury might have found from the evidence, it was the duty of defendant's servants to exercise ordinary care to avert injury to him. The plaintiff's evidence, as explained in the opinion of this court on the former consideration of the question, made out a case to submit to the jury, first, whether, on account of the use by the public of the place in question, a lookout duty was owed; and, second, if that duty was owed, whether it was violated; and, third, whether such violation, if any, caused the injury to Cornett. If the peril of Cornett was discovered, or could have been discovered by the exercise of ordinary care, in time to have averted the accident, and the agents of defendant negligently failed to exercise such care either in discovering or in averting the danger after discovery, and thereby caused the injury, the plaintiff was entitled to recover. The contributory negligence

of Cornett, if any, constituted a defense in so far as any breach of duty on the part of defendant was involved, except a negligent failure to act after his peril was discovered, or could have been discovered, by the degree of diligence exacted by the law under the circumstances shown.

Under the doctrine of discovered peril, which prevails in this state, the prior contributory negligence of the injured person is not material. Where both parties are negligent, the one with the last clear chance to avert the accident, notwithstanding the negligence of the other, is held wholly responsible. Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035; Louisville Ry. Co. v. Broaddus, 180 Ky. 298, 202 S. W. 654; Myers v. Cassity, 209 Ky. 315, 272 S. W. 718.

If a defendant be aware of a plaintiff's peril, or oblivious to it only through culpable carelessness, and has in fact a later opportunity, by the exercise of due care to avert the accident, he is deemed responsible for the consequences of his failure to embrace the final chance of avoiding injury. Kansas City Southern Ry. Co. v. Ellzey, 275 U. S. 236, 48 S. Ct. 80, 72 L. Ed. 259; Mann's Ex'r v. Leyman Motor Co., 234 Ky. 639, 28 S. W. (2d) 956.

The opinion of this court upon the first appeal of this case was based upon the evidence for the plaintiff alone. Since it was substantially the same upon the second trial, our interpretation thereof constitutes the law of the case and controls, not only the circuit court, but this court as well. L. & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174. But the defendant at the last trial introduced evidence which tended to show a state of facts entirely different from the situation manifested by the plaintiff. It produced testimony to the effect that Cornett was riding upon the freight train which was on the track parallel to the one the passenger train was using, and proceeding in the opposite direction; that he boarded the freight train on the east side and crossed to the west side, and alighted therefrom, and stepped immediately in front of the passenger train, when it was impossible for anything to be done to save his life. The fireman testified that he was maintaining a constant lookout, and, when Cornett stepped in front of the train, the whistle was being sounded and the bell was ringing.

It is apparent from this summary statement of the ultimate facts, which the defendant's evidence tended to prove, that the appellant was not liable for the death of Cornett, if it was brought about in this manner. It was necessary, therefore, for the jury to determine the facts, and for the court to submit to that tribunal by appropriate instructions all the issues raised by the pleadings and the proof, if seasonably requested so to do.

The record does not show that the plaintiff offered any instructions, but the defendant offered several which were refused. It is frankly conceded in appellant's brief that none of the instructions offered by it were in proper form, but it is insisted that they contained suggestions which should have been embodied in correct form and given to the jury for its guidance. It is a rule of practice that the trial court is required to give appropriate instructions when those offered, although defective in form, embrace principles of law applicable to the case. Kentucky & W. Va. Power Co. v. Riley's Adm'r, 233 Ky. 224, 25 S. W. (2d) 366; Elkhorn & B. V. Ry. Co. v. Dingus, 187 Ky. 815, 220 S. W. 1047; L., H. & St. Louis R. R. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073.

The requests of defendant do suggest the idea of discovered peril, and likewise the defense that decedent left the freight train and stepped immediately in front of the passenger train so near the engine that any prior negligence could not have been the proximate cause of the injury. It is well settled that a person who goes upon a railroad track in front of an approaching train so near that a collision could not, in any event, be avoided by those in charge of the train, is not entitled to a recovery of damages for the consequences of the collision. I. C. R. Co. v. Bozarth's Adm'r, 212 Ky. 426, 279 S. W. 636; Southern R. R. Co. v. Sanders, 145 Ky. 679, 141 S. W. 77; Young v. L. & N. R. R. Co., 228 Ky. 772, 15 S. W. (2d) 1001. The sudden appearance of the victim in the path of danger must be deemed, in such cases, the proximate cause of the accident. Taylor's Adm'r v. Ky. & Tenn. R. Co. 229 Ky. 129, 16 S. W. (2d) 785. In view of the defendant's evidence, and the rule of practice regulating the matter of instructions, we conclude that it was incumbent upon the court in this case to instruct the jury in such manner as to present the respective theories of the litigants. L. & N. R. Co. v. McCoy, 177 Ky. 420, 197 S. W. 801. The court gave seven instructions. No complaint is made respecting the sixth and seventh,

which were merely formal ones, always necessary and proper to be given. The court instructed the jury in the form and substantially in accordance with the rule prevailing at places where the public in general has a right to resort, such as crossings, and traveled places in populous communities, where the use of the tracks is such as to impose a lookout duty on the trainmen. L. & N. R. R. v. McNary, 128 Ky. 408, 108 S. W. 898, 32 Ky. Law Rep. 1266, 17 L. R. A. (N. S.) 224, 129 Am. St. Rep. 308; C. & O. v. Warnock, 150 Ky. 74, 150 S. W. 29; I. C. R. R. v. Murphy's Admr, 123 Ky. 794, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352; L. & N. R. Co. v. Hyde's Adm'r, 221 Ky. 39, 297 S. W. 814; L. & N. R. Co. v. Vaughan's Adm'r, 183 Ky. 829, 210 S. W. 938.

The instructions contained no reference to the hypothesis of the discovered peril of Cornett, or of his sudden appearance in front of the train. It is apparent, therefore, that they were inadequate under the facts of this particular case. The court should submit to the jury, in substance, that, if it found from the evidence that the tracks of the railroad company in the town of Blackey, at or about the place referred to in the evidence, were frequently and habitually used by the public generally, as a pathway, with the knowledge and acquiescence of the defendant, and was a place where, because of the extent and frequencey of the public use, the presence of persons was to be anticipated, then it was the duty of the defendant's agents, when operating trains upon that part of its track, to keep a lookout for persons using it as a footway, and to give reasonable and timely signals of the approach of trains, to such places, and to run its trains at such speed as ordinary care for the safety of such travelers required, and, if the jury believed from the evidence that defendant's servants, in charge of the passenger train which struck and injured Cornett, negligently failed to perform any one or more of the duties defined, and, as a direct result thereof, Ance Cornett, while so using the pathway at said place, was struck and injured by the train, the law is for the plaintiff, unless the jury should find for the defendant, under further instructions to be given. The converse of that instruction, of course, would be proper. The jury should be told to find for the defendant if it should believe from the evidence that Cornett came from the freight train upon the track in front of the passenger train suddenly, and when it was so near that the injury to him could not

have been avoided by those in charge of the engine, although a reasonable lookout had been maintained, and the other duties defined by the instructions had been observed. An appropriate instruction under the doctrine of the last clear chance should have been given. Hobson, Blaine & Caldwell on Instructions to Juries, sec. 442; Lieberman v. McLaughlin, 233 Ky. 764, 26 S. W. (2d) 753; Paducah Traction Co. v. Walker, 169 Ky. 721, 185 S. W. 119; Cornett v. L. & N. R. Co., 233 Ky. 797, 26 S. W. (2d) 1031.

It is apparent from the record, and from the former opinion in this case, that Cornett was oblivious of the approach of the passenger train. The instruction upon contributory negligence, therefore, should be confined to his failure, if any, to exercise ordinary care to discover the presence and approach of the train, and to keep out of its way, and if he did so fail, and but for such failure, if any, he would not have been injured, the plaintiff is not entitled to recover. But the contributory negligence of Cornett, in any event, did not preclude a recovery under the doctrine of the last clear chance, if, under the facts, the jury found it to be applicable. The measure of damages was correctly defined, and the definitions of negligence and of the other terms used in the instructions are not subject to any criticism or made the basis of any complaint.

There was evidence sufficient to sustain a verdict for either party, and the record furnishes no substantial support for the argument that the verdict was palpably contrary to the evidence. L. & N. R. Co. v. Curtis's Adm'r, 233 Ky. 276, 25 S. W. (2d) 398. The credibility of the witnesses was for the jury, and a verdict based upon conflicting evidence is conclusive upon the issues of fact involved. Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489; L. & N. R. Co. v. Jolly, Adm'r, 232 Ky. 702, 23 S. W. (2d) 564.

The judgment is reversed for a new trial not inconsistent with this opinion.